78,951-03

In the Court of
Criminal Appeals
Austin

From: Charles Laymon Cox, pro se          July 29, 2015
Bill Clements Unit
9601 Spur 591                          RECEIVED IN
Amarillo, Tx. 79107                 COURT OF CRIMINAL APPEALS

To : Abel Acosta, Clerk                      AUG 04 2015

RE: WR-78,951-03                         Abel Acosta, Clerk

To the Honorable Clerk of the Court:

   Comes Now Charles Laymon Cox pro se, and asks the Clerk to file this document into the Court of Criminal Appeals Record and place in the file corresponding with the attached trial court order before the Honorable Court of Criminal Appeals. His Memorandum Controverting States Proposed Findings In Support and Summary Conclusions of Appellant's Art. 11.07 Habeas Corpus. Ordered by the trial Court Criminal Magistrate Charles P. Reynolds.

   Charles Laymon Cox would further request the Honorable Clerk to please file stamp and copy clerk's cover letter and return copy in the self addressed stamped envelope provided for this purpose.

   Thankyou for your assistance.

                              Respectfully
                              Charles L. Cox

      One other issue, please:
Appellant request that Rule 9.3 (c) be applied in that only the Original need be filed, and that this document be classified as Original.

                              Thankyou.

In the Court of
Criminal Appeals
Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 04 2015

Abel Acosta, Clerk

## Supplemental Attachment to Appellant's Memorandum Ordered by Trial Court

Herein is Appellant's Memorandum Controverting State's Proposed Findings, Submitted on June 9, 2014 in the 213th Judicial District Court, Tarrant County. And swears on penalty of perjury, is a true and correct hand drawn copy.

The trial Court Order Closing Evidence in 15 Days dated May 27, 2014, signed by Criminal Magistrate Charles P. Reynolds; Ordered that any additional evidence, proposed findings or memoranda be submitted within 15 Days. See exhibit (X) attached.

The trial Court Clerk having failed to transmit Appellants answer in response has left Charles Laymon Cox prejudiced before the Court of Criminal Appeals, having timely filed his response on June 9, 2014, in the 213th Judicial District Court.

Therefore Appellant now submitts [t]his Supplemental Attachment to complete the Record.

Signed July 29, 2015   Charles L Cox

Respectfully Submitted
Charles L. Cox
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

No. C-213-009413-0647447-A

## Memorandum Controverting State's Proposed Findings
## In Support and Summary Conclusions of
## Appellant's Art. 11.07 Habeas Corpus

Appellant brings forth the following Memorandum in opposition controverting State's Findings and Conclusions regarding Appellant's Writ of Habeas Corpus.

Appellant would make clear: That there are (11) Eleven Grounds in his Writ that have been presented to the Court. He has requested a list of his Amendments and Motions in support of his original (8) Grounds from the Clerk of the Court, that have been filed into the Record. To this date after several attempts to retain the information, the Clerk has refused to answer his requests.

Ground Four: Prosecutorial Miscondut and Subornation of Perjury
   has been Amended. (June 10, 2013)
Ground Nine: Judicial Abuse of Discretion by Excess of Jurisdiction
   and Failure to Recuse: Amendment (August 14, 2012)
Ground Ten: No Evidence: Amendment (August 14, 2013)
Ground Eleven: Trial Court Failed Jurisdiction by Illegal Indictment
   (April 16, 2014)

## Memorandum

General Facts Proposed Findings 1-7 pg. 3 Rebuttal

Tex. Code Crim. Proc. Art. 42.12 § (5)(a) Deferred Adjudication Community Supervision Probation is not an Unadjudicated Judgment, nor does Appellant's plea or Admonishment impugne he has been found guilty.

1

A plea to Deferred Adjudication is not a Judicial Confession. See Donovan v. State 68 S.W. 3d. 633, 636 (Tex. Crim. App. 2002) The Court of Criminal Appeals rejected the argument that a finding that the evidence substantiates a defendant's guilt in a deferred adjudication of guilt.

Hurley v. State 130 S.W. 3d. (Tex. Crim. App. 2004) Id at 506 [13,14] Moreover, although, the Court of Criminal Appeals has recognized amendments to article 42.08 were clearly designed to broaden the trial court's ability to stack sentences, Pettigrew 48 S.W. 3d. 769, 772 (Tex. Crim. App. 2001), that discretion arises once a sentence has been imposed or suspended in two or more cases. In a deferred adjudication order sentence is neither imposed or suspended, see Donovan 68 S.W. 3d. at 636. Thus the statute as written gives the court discretion to fashion an individualized plan, but does not grant discretion to stack a deferred adjudication order into prison time.

Therefore the illegaly joindered revocation hearing and trial, could not grant the Court discretion to sentence Appellant to prison from a revocation of deferred adjudication order, without a formal adjucation of the Indictment. See State's Proposed Findings exhibit (B).

A Motion to Proceed to Adjudication is a ministerial instrument and does not infer proper procedure was followed.

Appellant's Writ clearly proves the State proceeded to an illegaly joindered Hybrid Trial.

Appellant was unprepared to make any knowingly or intelligent decisions or pleas. His Court Appointed Counsel failed or intentionally did not advise him of the consequences of an illegaly joindered Hybrid Trial of Revocation Hearing and Trial at the single proceeding.

Appellant's appeal was based on his trial Counsels strategy of hearsay testimony allowed at trial. However Appellant's Writ clearly exposes the unrestrained violations of fundamental Constitutional rights allowed by his Court Appointed Counsel.

Prosecutorial Misconduct Proposed Findings 8-14 pg. 3,4 Rebuttal

Ground One of Appellants' Writ claims Denial of Due Course of Law. The State's attempted ple-bargain to a conviction approximately (30) days prior to trial, proves the State and Court were aware of Appellants Constitutional Due Course of Law / Due Process rights.

The Court Record of testimony, of Probation Revocation brought in a Court convened for a trial to adjudicate the Indictment (0647447-D) is an illegaly joindered Hybrid Trial.

Tex. Code Crim. Proc. Art. 42.12 § (5)(b)...; "the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge."

This statute clearly explains the legislative intent by it's express limitation on the court, where a hearing is limited to what can be heard in the proceeding, also limits it's consequences.

The Judgment Adjudicating Guilt on October 4, 2007 states: "On this day, set forth above, this cause again came on for trial"...; "And the Court having heard evidence limited to whether the Court should proceed to an adjudication of guilt under the Original charge and having determined that the Court should proceed to such a determination, finds the defendant guilty."

A Motion to Proceed does not allow Prosecutorial Misconduct and Abuse of Discretion by the State and Court, to present at trial a Revocation Hearing used as evidence to whether it finds the defendant guilty, is a fundamental violation of article 42.12 § (5)(b)'s express limitation on the Court against Constitutional violations of Due Course of Law.

The State fails to disprove Denial of Due Course of Law.

Subject Matter / Constitutional Jurisdiction Proposed Findings 15-26 pg. 4,5 Rebuttal

An Indictment does not guarantee the actions of the State and Court have met the legal requirements of law or procedure.

The Court Record of Testimony and exhibits prove the evidence pled at trial were probation violations. The State admits it brought this evidence to trial. The Summary of the Courts Judgment clearly state the evidence used to determine guilt was limited to Probation Violations. see State's Proposed Finding exhibits (A), (E pgs 1-7), see also Judgment Adjudicating Guilt stating: "On this day, set forth above, this cause again came on for trial."

The Judgment Adjudicating Guilt states three paragraphs found by the Court of Probation Violations. The Judgment Adjudicating Guilt states 'None' of the three Counts of Indictment to be found (0647447-0). The Judgment does state the Defendant was punished for Count One. Thereby proof that: (1) Subject Matter at trial was Probation Violations and (2) Constitutional requirement of a trial by Indictment had not been met.

Trejo v. State 280 S.W. 3d. 264 (Tex. Crim. App. 2009) "Subject Matter Jurisdiction is offense specific because it is about what type of offense can be tried by the court. Subject matter jurisdiction depends not only on the grant of authority to the trial court in the constitution and the statutes, but also on it's being invoked for the particular case before the court by the State's pleadings."

"But personal jurisdiction is person specific. It determines whether a court can exercise power over a particular defendant may nevertheless lack authority to try that defendant for offenses not covered by an indictment." (opinion Justice Womack concurred by Justices Keller, Meyers and Johnson)

Nix v. State 65 S.W. 3d. 664 (Tex. Crim. App. 2001) [4,5] "a judgment is void only in very rare situations, usually due to lack of jurisdiction. In Civil Cases, a judgment is void only when there is 'no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter a particular judgment, or no capacity to act as a court.'

4

Therefore the Court on October 4, 2007, failed to adjudicate the Subject Matter of the Indictment. Without an adjudication of Indictment, the Court did not reach Constitutional Jurisdiction of Indictments Authority, or it's jurisdiction.

Tex. Code Crim. Proc. Art. 1.13 ... plea of guilt alone does not authorize a conviction.

Appellants plea was coerced, Appellant was unprepared to make any knowingly or intelligent decisions or pleas. His Counsel having failed to advise him of the consequences he faced in the illegaly joindered Hybrid Trial, where the U.S.C. 6th Amendment right to know what he had to defend was denied.

The State fails to disprove Appellants Subject Matter or Constitutional Authority of Indictments Jurisdiction.

**Perjury** Proposed Findings 27-43 pg. 5,6 Rebuttal

The testimony pursued by the State acknowledges the evidence of Probation Revocation Testimony at `trial` where judgment of guilt was adjudicated.

The State incorrectly claims Appellant impugned Ms Smiths occupation. It does not apply to the assertions, that her testimony was misleading. Where Ms Smith stated "she was the probation officer assigned to the Court in which defendants case was heard" (RR. Vol. 1, p. 6, lines 21-24) Thereby impugning an adjudication of evidence.

Appellant's Ground Four pg. 1 in his Facts Supporting, states in the amended ground, that he withdraws any statements to the authenticity of the Probation Record, as he was unable to prove them at the time. Therefore pursuant to Tex. Penal Code § 37.05 Retraction, his statements are moot and he reduced the claim of perjury to the Court Record of Testimony.

The State's Proposed Finding exhibit (F) clearly shows Marie Mollett `was` affiliated with Counseling Institute of Texas in 1998, and her statement that she `was` executive director in 1998, does not alter the fact of Suborned Perjury.

5

The State presented an `imposter´ witness at Appellant's trial, before the public with implied knowledge of the defendant she did not possess. Where at trial the Prosecutor asked Ms Smith if Marie Mollett was the sex offender treatment provider, implied by the Probation file of the defendant, and she replied that "Marie Mollett was the person asked about" (R.R.Vol.1,p.14,lines 9-20). This was perjury and the Prosecutor knew it was perjury and the testimony was harmful. Ms Smith went on to make many statements to have been said by Marie Mollett.

On Cross, Marie Mollett was asked if she was the one who met with the defendant in 1998, she stated: "She was not the one who met with the defendant" and she admitted, "she was not the defendants treatment provider." (R.R.Vol.1,p.73,line 13). Therefore she did not have the implied personal knowledge of her testimony, it was suborned by the Prosecutor. She was an `imposter´ witness, Ms Smith knew it, Ms Jack knew it and Marie Mollett admitted it.

Whether Marie Mollett was an executive director in 1998 or a probation officer in 2007 is **irrelevent**. The State presented her before the public as Appellant's treatment provider with personal knowledge she did not possess, is perjury. And as such the States testimony of Sally Smith and Marie Mollett is uncredible fabricated perjury.

The State fails to disprove perjury.

**Factual and Legal Sufficiency** Proposed Findings 44-49 pg. 7, Rebuttal

Legal Sufficiency of evidence is dependant upon the jurisdiction of the Subject Matter. see Trejo v State 280 S.W.3d.(Tex.Crim.App.2009) "Subject Matter jurisdiction is offense specific... [i]t depends not only on the grant of authority to the trial court in the constitution and the statutes, but on it's being invoked before the court by the State's pleadings.

The State brought on a trial of the Indictment (0647447-0), and pled Probation violations as evidence. see State Proposed Finding exhibit (A), (E pgs 1-7) also see Judgment Adjudicating Guilt and Court Record of Testimony.

6

A variance of evidence to the Indictment is a variance of the Legal Sufficiency of the subject matter. see Byrd v. State (2010 Tex. App. Lexis 2891) "Under State Law Sufficiency standards, a claim of legal sufficiency is viewed as a variance issue where evidence is different or varies from the charging instrument. A variance occurs when there is a discrepancy between the allegations of the charging instrument and the proof at trial.

The State on October 4, 2007 pled Probation Violations and not the Indictment.

The States claim that a guilty plea is "some" evidence to support a conviction. Ex Parte Williams 703 S.W. 2d. 674, 683 (Tex. Crim. App. 1986), does not outweigh legislated State Law of Tex. Code Crim. Proc. Art. 1.13 " guilty plea alone does not authorize a conviction." Wherby the States pleadings of perjured revocation testimony, `No Legal Evidence` was produced by the State to the Indictment. Tex. Penal Code § 2.01 State's Burden, was not met.

Perales v. State 215 S.W. 3d. 418, 420 (Tex. Crim. App. 2007) [2,4]... [A] claim of no evidence is cognizable because "[W]here there has been no evidence to base conviction", a violation of due process has occurred... (even if the has pled guilty) Art. 1.13, Ex Parte Colemon 599 S.W. 2d. 305, 307 (Tex. Crim App. 1978) "If the record is devoid of evidentiary support for a conviction, an evidentiary challenge is cognizable"... see Ex Parte Brown 757 S.W. 2d. 367, 368-69 (Tex. Crim. App. 1988) Ex Parte Williams 703 S.W. 2d. 274, 279-80 (Tex. Crim. App. 1986)

The State fails to disprove Legal Sufficiency.

Ineffective Assistance of Trial Counsel Proposed Findings 50-58, pg. 7,8 Rebuttal

The adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of advocate. Anders v. California 386 U.S. 738, 743 S. Ct. 1396, 18 L. Ed. 2d. 493 (1967).

A Probation Revocation brought in to a Court convened for trial to adjudicate the Indictment, is an illegaly joindered Hybrid Trial. To revoke probation

7

and use as evidence to adjudicate Indictment is a fundamental denial of Constitutional rights to Due Course of Law / Due Process.

Manifestly, a prima facia claim that the illegaly joindered Hybrid Trial could not have happend without cooperation from Appellant's Counsel, is clear and evident proof of Ineffective Assistance.

Mr Rosteet did allow the State and Court unrestrained violations of Appellant's Constitutional rights, cannot be construed as reasonable trial strategy or harmless.

An Indictment does not guarantee the actions of the State and Court have met the legislated requirements of Due Course of Law.

Appellant was unprepared to make any knowingly or intelligent decisions or plea. His Counsel having failed to advise him of the consequences he faced in the illegaly joindered Hybrid Trial, where his U.S.C. 6th Amendment right to know what he had to defend at trial was denied.

Legal Sufficiency of evidence is dependant upon the Jurisdiction of the Subject Matter. A variance of the evidence to the Indictment is a variance of the Legal Sufficiency of the Subject Matter.

Perjury is defined in Tex. Penal Code § 37.02 and 37.03, Appellant has proved perjury.

The State fails to disprove claim.

# Ineffective Assistance of Appellate Counsel Proposed Findings 59-64 pg. 8 Rebuttal

The State's abject denial of Ineffective Assistance of Appellate Counsel is an attack on Appellant's right to colaterally attack his appeal.

Though Mr. Walker did bill the State as per States Proposed Findings exhibit (C), it does not apply to Appellants claim that his Appellate Counsel had knowledge the appeal was frivolous.

Bone v. State 77 S.W. 3d. 828, 833 (Tex. Crim. App. 2002) Stating that, [U]nder normal circumstances,

8

the record on direct appeal will not be sufficient to show counsel's representation was so lacking in tactical strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional.

Ex Parte Nailor 149 S.W. 3d. 125 (Tex. Crim. App. 2004) III. Claims of ineffective assistance of counsel are frequently raised on direct appeal without the benifit of adequate record and then reurged on a writ of habeas corpus after they have been adequately developed in a post conviction evidentiary hearing.

Appellant has requested an evidentiary hearing. see Cumulative Traverse, dated September 20, 2011

## Prayer

Premise Considered, Charles Laymon Cox prays that the Court finds his cause worthy and Recomends Relief.

Respectfully Submitted

Charles L. Cox

T.D.C.J. No. 1463721
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

9

## Inmates Declaration

I, Charles Laymon Cox, do swear under penalty of perjury that the statements made in this Memorandum are true and correct.

Signed on this day June 9, 2014

*Charles L. Cox*

## Certificate of Service

I certify that this document was placed into the possession of the T.D.C.J. Mail Room at the Bill Clements Unit Potter County, Amarillo, Tx. on June 9, 2014. Therefore is considered served.

*Charles L. Cox*

## Certificate of Compliance

I certify that the number of words in this Memorandum Controverting State's Proposed Findings is approximately 2500 Words

*Charles L. Cox*

 **(X) exhibit**

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 27 2014

TIME_____ 10:33

BY_____ SR _____ DEPUTY

C-213-009413-0647447-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 213th JUDICIAL |
| | § | |
| | § | DISTRICT COURT |
| | § | |
| CHARLES LAYMAN COX | § | TARRANT COUNTY, TEXAS |

## ORDER CLOSING EVIDENCE IN 15 DAYS

The Court has before it Applicant's Application for Writ of Habeas Corpus, filed under Article 11.07 of the Texas Code of Criminal Procedure.

**IT IS ORDERED** that any additional evidence, proposed findings or memoranda be submitted to the Court **within fifteen days** of the date of this order, unless an extension has been granted to the parties.

Thereafter, the Court will consider the record closed and will proceed to a decision in this matter.

The **Clerk of the Court** is **ORDERED** to send a copy of this order to the **Applicant** at his current known address and to the **Appellate Section** of the Tarrant County District Attorney's Office.

SIGNED AND ENTERED this 27th day of May, 2014.

_____
CHARLES P. REYNOLDS
CRIMINAL MAGISTRATE
TARRANT COUNTY, TEXAS